NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4229
_____

LAURIE L. DURANEY,
Appellant

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Washington Mutual Bank F.A.;
SHAPIRO & KREISMAN LLC; KEVIN DISKIN, ESQ.;
MEGAN D.H. SMITH, ESQ.; LINDSEY HANSEN

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-00013)
District Judge: Honorable David Stewart Cercone

_____

Submitted Under Third Circuit LAR 34.1(a)
July 16, 2010

Before: RENDELL, JORDAN and GREENAWAY, JR., Circuit Judges.

(Filed: August 2, 2010)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

This case arises out of a mortgage foreclosure action filed in Pennsylvania state

court by Washington Mutual Bank against Laurie Duraney, and involves Duraney's

claims regarding the conduct of Washington Mutual and its law firm in collecting the money that Duraney owed the bank. Subsequent to the foreclosure, Duraney filed the instant action in federal court against Washington Mutual, its law firm, Shapiro & Kreisman LLC ("S&K"), and three S&K employees, asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and various state law causes of action.

On January 31, 2008, the District Court dismissed several of plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). The Court held that plaintiff's breach of contract and bad faith claims against Washington Mutual, her so-called claim for "joint and several liability" against all defendants, and her claims against all defendants under Pennsylvania's Fair Credit Extension Uniformity Act, 73 Pa. Stat. §§ 2270.1-2270.6, and Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. §§ 201-1 to 201-9, were barred by res judicata because of the state court's disposition of her mortgage foreclosure action. The Court further held that plaintiff's claims for injunctive relief were barred by the *Rooker-Feldman* doctrine, that her libel and slander claims against Washington Mutual failed because the bank's statements were truthful, and that her libel and slander claims against all defendants were barred by Pennsylvania's doctrine of absolute immunity for statements made in the course of judicial proceedings.

On September 11, 2008, the Court granted defendants' motions for summary judgment on the remaining claims, dismissing plaintiff's FDCPA claims because

Washington Mutual was not a "debt collector" under the FDCPA and because the statements made by S&K and its employees were not deceptive. The Court also denied plaintiff's cross-motion for summary judgment.

On September 25, two weeks after the District Court entered judgment in defendants' favor, the Office of Thrift Supervision closed Washington Mutual and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver pursuant to 12 U.S.C. § 1821(c). On October 11, plaintiff appealed the District Court's judgment. The FDIC moved to be substituted for Washington Mutual, and moved to stay proceedings before our Court to allow plaintiff the opportunity to file an administrative claim against Washington Mutual with the FDIC. We granted both motions.

On December 24, plaintiff filed claims with the FDIC for attorneys' fees related to the state court foreclosure action and the instant case. The FDIC denied this claim on the basis that plaintiff had not shown that Washington Mutual had violated any laws during the foreclosure process. However, plaintiff's administrative claim did not set forth any of the claims being pursued by plaintiff in the instant litigation.

On appeal, plaintiff contends that the District Court erred in granting defendants' motions to dismiss and motions for summary judgment. Before reaching the merits of these rulings, we must consider a jurisdictional argument raised by the FDIC for the first time on appeal. Since the FDIC was appointed only after the District Court entered its judgment, the FDIC did not have the opportunity to present this argument to the District

3

Court.  Nonetheless, as this argument goes to our jurisdiction, the FDIC is entitled to raise

it now.  *See In re Kaiser Group Int'l Inc.*, 399 F.3d 558, 565 (3d Cir. 2005) ("It is

well-settled law that subject matter jurisdiction can be challenged at any point before final

judgment, even if challenged for the first time on appeal.").[1]

The FDIC contends that we lack jurisdiction to review plaintiff's claims against

Washington Mutual because she failed to assert them before the FDIC during the

administrative claims process.  Under 12 U.S.C. § 1821(d), the statute that governs the

FDIC's powers and responsibilities once it is appointed as receiver for a failed bank, the

FDIC has wide latitude to administer the bank's assets, and claims against those assets.[2]

The statute requires the FDIC to give notice to the bank's creditors to present their claims

to the FDIC by a deadline specified by the FDIC, and mandates that the FDIC "determine

whether to allow or disallow the claim" within 180 days of a claim being filed.

§ 1821(d)(3), (d)(5).  Where a claimant has failed to make a timely claim, the claim "shall

be disallowed and such disallowance shall be final."  § 1821(d)(5)(C)(i).  The statute also

contains a provision constraining judicial review of claims against the failed bank:  "no

---

[1] To the extent that the FDIC is correct that we lack jurisdiction to review plaintiff's claims against Washington Mutual and the FDIC, we nonetheless "have jurisdiction to determine our jurisdiction," *Drakes v. Zimski*, 240 F.3d 246 (3d Cir. 2001), and we have jurisdiction under 28 U.S.C. § 1291 to review plaintiff's claims against the other defendants.

[2] We have explained that this statute is designed to enable the receiver "to dispose of the bulk of claims against failed financial institutions expeditiously and fairly."  *Praxis Props., Inc. v. Colonial Sav. Bank, S.L.A.*, 947 F.2d 49, 64 (3d Cir. 1991) (internal quotation marks and citation omitted).

4

court shall have jurisdiction over . . . any claim or action for payment from . . . the assets of any depository institution for which the [FDIC] has been appointed receiver," except as otherwise provided for by statute. § 1821(d)(13)(D). However, judicial review is permitted where the FDIC has disallowed a claim, but this exception applies only where the specific claim under review was presented to, and disallowed by, the FDIC. § 1821(d)(7)(A); *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 391-92 (3d Cir. 1991). This exception thus does not apply to the claims here.

The FDIC therefore argues that we lack jurisdiction to consider Duraney's claims against Washington Mutual (and, by extension, against the FDIC as receiver for Washington Mutual) because she failed to raise them in the administrative claims process. We agree. The elements of the bar on judicial review provided by § 1821(d)(13)(D) are clearly satisfied here. There is no dispute that Washington Mutual is a "depository institution" for which the FDIC "has been appointed receiver," or that Duraney's action seeks "payment from" those assets. Duraney does not contend that she complied with the FDIC's administrative process with respect to the claims asserted in this case, and she does not attempt to invoke the statutory provision for judicial review of claims denied by the FDIC.[3] To the contrary, there is no dispute that Duraney failed to file an administrative claim with the FDIC based on the causes of action asserted before the

[3] Duraney does not seek review of the FDIC's decision to deny her claim for attorneys' fees related to the mortgage foreclosure action.

5

District Court, or that the elements of the jurisdictional bar are satisfied in this case.

Instead, Duraney raises the following three principal arguments against the application of the jurisdictional bar, none of which have merit. First, she contends that the jurisdictional bar should not apply because the District Court's judgment predated Washington Mutual's entry into receivership and because the FDIC had notice of her claims as a result of the litigation in the District Court. However, she cites no authority that supports these propositions, and we have found nothing in § 1821 that precludes the application of the jurisdictional bar under these circumstances. Second, she contends that the application of this provision would undermine the finality of judgments. This concern is adequately addressed by § 1821(d)(13)(A), which requires the FDIC to "abide by any final unappealable judgment of any court of competent jurisdiction which was rendered before the [FDIC's] appointment." However, this provision is not triggered here, as there was no "unappealable judgment" rendered before the FDIC's appointment. Third, she cites to § 1821(d)(5)(F)(ii), which provides that "the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver." However, this section of the statute is inapplicable here, as the FDIC does not base its jurisdictional argument on the fact that Duraney filed an unrelated claim with the FDIC. We therefore agree with the FDIC that we lack jurisdiction to review Duraney's claims against Washington Mutual or against the FDIC

6

as receiver.[4]

We also find Duraney's arguments with respect to the S&K defendants to be without merit, substantially for the reasons set forth by the District Court in its thoughtful and well-reasoned opinions. Among other things, the District Court correctly found that the S&K defendants' communications to plaintiff and her attorney were not deceptive and were protected by absolute immunity.[5]

We have reviewed plaintiff's remaining arguments and find them to be without merit. We will therefore dismiss the appeal with respect to plaintiff's claims against Washington Mutual and the FDIC, and will otherwise affirm the orders of the District Court.

---

[4] Even if we were to consider plaintiff's claims against Washington Mutual on their merits, we would affirm the District Court's judgment for substantially the reasons set forth by the Court in its rulings on Washington Mutual's motion to dismiss and motion for summary judgment.

[5] On March 9, 2010, the Superior Court of Pennsylvania reinstated plaintiff's appeal of the trial court's decision in the mortgage foreclosure action brought by Washington Mutual, and in a decision issued on July 7, the court remanded one issue from that appeal for further proceedings. Although this result could arguably undermine the District Court's res judicata and collateral estoppel rulings, we conclude that it has no effect on the outcome of this appeal, because the claims that were dismissed by the District Court on the basis of res judicata or collateral estoppel were also subject to dismissal on alternative grounds. First, as discussed above, we lack jurisdiction over the claims against Washington Mutual. Second, we agree with the S&K defendants that plaintiff's claims under the Fair Credit Extension Uniformity Act and the Unfair Trade Practices and Consumer Protection Law were without merit because the communications that plaintiff challenges as deceptive were made "in connection with the filing or service of pleadings or discovery or the prosecution of a lawsuit," 73 Pa. Stat. § 2270.3, and are thus outside the ambit of those statutes. Third, we agree with the District Court that "joint and several liability," which is labeled as the ninth count of plaintiff's Complaint, is not an independent cause of action.